IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

James Robert Byrd, # 98230,    )
        )
        )    Civil Action No. 6:15-4518-JMC-KFM
        Petitioner,    )
        )    **REPORT OF MAGISTRATE JUDGE**
    vs.    )
        )
~~State of South Carolina,~~    )
Warden of Broad River    )
Correctional Institution,    )
        )
        )
        Respondent.    )
_____)

        The petitioner is an inmate at the Broad River Correctional Institution. He is serving concurrent terms of life in prison and thirty years for kidnaping and first-degree criminal sexual conduct. The petitioner's convictions were entered in the Court of General Sessions for Greenville County on July 28, 1981.

        The petitioner was paroled on those sentences. The above-captioned Section 2254 habeas corpus action concerns the revocation of the petitioner's parole by the South Carolina Parole Board. The petitioner raises three grounds in the Section 2254 petition: (1) the South Carolina Parole Board unlawfully, arbitrarily, and capriciously revoked the petitioner's parole on the basis of allegations arising out of a criminal domestic violence charge that had not yet been adjudicated and for which the petitioner was later found not guilty (doc. 1 at 5); (2) the PCR court erred in ruling that its review was confined to determining whether the revocation procedure was lawful (*id*. at 8); and (3) the PCR court erred in ruling that the petitioner's use of alcohol and failure to report the arrest were the basis for the arrest warrant (*id*.).

The petitioner filed an application for post-conviction relief (Case No. 2011-CP-23-7846) on November 22, 2011, and raised the first ground listed in the Section 2254 petition in the case at bar.  The Court of Common Pleas denied relief on August 28, 2013.  The Supreme Court of South Carolina denied certiorari in the PCR case on November 20, 2014 (doc. 1-2).

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A state inmate has no constitutional right to parole.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979).   Federal courts must allow state parole authorities wide discretion.  *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977).  Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure — at most, a statement of reasons for the denial of parole, which the petitioner was provided.  See *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996).  The petitioner's parole was revoked for his use of alcohol and his failure to report his arrest for criminal domestic violence.

Grounds Two and Three are state law grounds. Federal habeas relief is not available to alleged violations of state law. *See Wright v. Angelone*, 151 F.3d 151, 156–58 (4th Cir. 1998); *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir. 1976); and *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960), which hold that state law issues are not valid grounds for federal habeas corpus relief. The petitioner cannot obtain federal habeas corpus relief on a state law ground. *See Wright v. Angelone*, 151 F.3d at 156–58; *cf. Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Essentially, with respect to Grounds Two and Three, there is no alleged violation of *federal* law to review. See 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law). Also, deficiencies in post-conviction proceedings are not cognizable under Section 2254. *See Pennsylvania v. Finley*, 481 U.S. 551, 557–59 (1987); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (collecting cases holding that errors in a state post-conviction proceeding "cannot serve as a basis for federal habeas corpus relief"); and 28 U.S.C. § 2254(i).

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. It is also recommended that the District Court deny a Certificate of Appealability. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). The petitioner's attention is directed to the important notice on the next page.

November 10, 2015                                    s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4